CITY OF RED LODGE, APPELLANT, *v.* MARYOTT, RE-
SPONDENT.

(No. 2,181.)

(Submitted November 27, 1905.   Decided December 4, 1905.)

*Cities and Towns— Cattle Running at Large— Ordinances—*
*Construction.*

Cities and Towns—Domestic Animals Running at Large—Ordinances—Ap-
plication to Range Stock.
1.  A city ordinance which makes it unlawful for persons who own
or keep certain domestic animals within the city limits, to permit
such animals to run at large, has no application to range stock which
may stray within the city limits.

City Ordinances—Construction—Livestock Running at Large.
2.  Section 1 of a city ordinance made it the duty of persons own-
ing or keeping certain domestic animals within the city limits to
provide for keeping them within or upon their premises, and to
prevent them from running at large. Section 2 of the ordinance
provides for the impounding of *any domestic animals* found running
at large within the corporate limits of the city. *Held*, that these
two sections must be construed together, and the meaning of the
term ''any domestic animals'' determined by reference to section
1, which enumerates the particular kinds of domestic animals, which
are prohibited from running at large.

City Ordinances—Construction.
3.  Ordinances must be construed as a whole, every portion of them
given meaning, if possible, and neither the whole nor any portion
rendered ridiculous unless that result is unavoidable.

*Appeal from District Court, Carbon County; Frank Henry,*
*Judge.*

ACTION by the city of Red Lodge against John L. Maryott.
From a judgment in favor of defendant, plaintiff city appeals.
Affirmed.

*Mr. George W. Pierson,* for Appellant.

The authority of cities to pass an ordinance like the one in
question is undoubted. (*Brophy* v. *Hyatt,* 10 Colo. 223, 15
Pac. 399; *Amyx* v. *Taber,* 23 Cal. 370; *Wilson* v. *Beyers,* 5
Wash. 303, 34 Am. St. Rep. 858, 32 Pac. 90.)   The presump-
tion is that all provisions of an ordinance are within the pow-

ers of the city charter, which authorized them. (*Wood* v. *City of Seattle,* 23 Wash. 1, 62 Pac. 135.) It is the general rule that the same principle of construction applying to statutes applies to ordinances, with the modification that ordinary police regulations, although a penalty be attached, are not subject to so close a scrutiny. (Smith's Municipal Corporations, sec. 540; *Johnston* v. *Central District Tel. Co.,* 23 Pa. Super. Ct. 381.) The intention of the enacting body must be discovered, and, if possible, respected, and statutes should be interpreted in the light of the objects and purposes that the legislature has in view in its enactment. (*Power* v. *Choteau Co. Commrs.,* 7 Mont. 87, 14 Pac. 658; *State* v. *Canvassers of Choteau Co.,* 13 Mont. 49, 31 Pac. 879; *Territory Commrs.* v. *Cascade Co. Commrs.,* 8 Mont. 409, 20 Pac. 809, 7 L. R. A. 105; *Sloan* v. *Hubbard,* 34 Ohio St. 538.)

A town ordinance to restrain animals running at large within the corporate limits applies to animals belonging to persons residing without the limits of the corporation. (*Roberts* v. *Ogle,* 30 Ill. 459, 83 Am. Dec. 201; *Gosselink* v. *Campbell,* 4 Iowa, 296; *Spitler* v. *Young,* 63 Mo. 42; *Rose* v. *Hardee,* 98 N. C. 44, 4 S. E. 41; *Wilson* v. *Beyers,* 5 Wash. 303, 34 Am. St. Rep. 858, 32 Pac. 90; *Folmar* v. *Curtis,* 86 Ala. 354, 5 South. 678; *Whitefield* v. *Longest,* 28 N. C. 268.) Proceedings under impounding ordinances are *in rem,* and rest upon the seizure of the animals. It is only the property that is dealt with; no personal liability attaches to the owner. It is enough that they are found within the town or city. (*Gosselink* v. *Campbell,* 4 Iowa, 296; *Sloan* v. *Hubbard,* 34 Ohio St. 583; *Wilson* v. *Beyers,* 5 Wash. 303, 34 Am. St. Rep. 858, 32 Pac. 90; *Fort Smith* v. *Dodson,* 46 Ark. 296, 55 Am. Rep. 589; *Schauf* v. *City of Paducah,* 90 Am. St. Rep. 220, note, subd. E, authorities cited; *Dorton* v. *Burks,* 99 Mo. App. 165, 73 S. W. 239; *Conway* v. *Jordan,* 110 Iowa, 462, 81 N. W. 703.) The city had authority to sell the stock in question to satisfy the fines and charges provided under the ordinance. (Dillon on Municipal Corporations, sec. 351, note 3; *Kennedy* v. *Sowden,* 1 McMull. 328; *McKee* v. *McKee,* 8 B. Mon. 433; *Crosby*

v. *Warren,* 1 Rich. 385; *Kinder* v. *Gillespie,* 63 Ill. 88.) De-
fendant cannot be heard to complain that the ordinance does
not in express terms provide that permitting stock to run at
large is unlawful and provide a penalty for its violation. (*Fort
Smith* v. *Dodson,* 46 Ark. 296, 55 Am. Rep. 589.) If the ordi-
nance provided that it is unlawful to permit cattle to run
at large and fixed a penalty for its violation, its terms could
not apply to the defendant, as he resides beyond the jurisdiction
of the city. It is sufficient that the ordinance provided for the
seizure and sale of the animals. (*Brophy* v. *Hyatt,* 10 Colo.
223, 15 Pac. 399; *Gosselink* v. *Campbell,* 4 Iowa, 296; *Sloan* v.
*Hubbard,* 34 Ohio St. 583; *Burdett* v. *Allen,* 35 W. Va. 347,
34 Am. Dec. 862, 13 S. E. 1012, 14 L. R. A. 337; Dillon on Muni-
cipal Corporations, sec. 350; *Julienne* v. *Mayor of Jackson,* 69
Miss. 34, 30 Am. St. Rep. 526, 10 South. 43; *Blair* v. *Forehead,*
100 Mass. 136, 97 Am. Dec. 81, 1 Am. Rep. 94; *Nehr* v. *State,*
35 Neb. 638, 53 N. W. 589, 17 L. R. A. 771; *Haller* v. *Sheridan,*
27 Ind. 494; *Gilbert* v. *Stephens,* 6 Okla. 673, 55 Pac. 1070;
*Tucker* v. *Constable,* 16 Or. 407, 19 Pac. 13; *Grover* v. *Huckins,*
26 Mich. 476; *Campau* v. *Langlay,* 39 Mich. 451, 33 Am. Rep.
414.)

*Mr. O. F. Goddard,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

In 1893 the town of Red Lodge enacted ordinance No. 28,
entitled: "An Ordinance Concerning Domestic Animals Run-
ning at Large Within Town of Red Lodge," section 1 of which
is as follows: "It shall be the duty of every person owning or
keeping domestic animals, to wit: horses, mules, asses, cattle,
sheep, goats, swine, within the limits of the town to provide
for the keeping of the same within or upon his or her premises
at all times, save when necessarily or temporarily passing
through the streets, and then such animals must be attended
by some one to take care of them and prevent their doing dam-
age to person or property."

Section 2 designates the town marshal as the poundkeeper, and defines his duties as such, some of which are described as follows: ''The town marshal shall be poundkeeper of the town, and as such shall provide a pound of suitable character at the expense of the town for the impounding of any domestic animals found running at large within the limits of the town, or found trespassing or doing damage to the property of another. It shall be the duty of the poundkeeper to take such animals into custody, and to notify the owner thereof, and if he does not pay the fine and costs provided by section 4 of this ordinance, the marshal shall file a complaint against the owner.''

In 1903 this action was commenced in the police magistrate's court in the name of the city of Red Lodge, against the respondent, John L. Maryott, to recover the sum of $144—$48 as fees for impounding twenty-four head of cattle, and $96, costs of keeping the same within the city pound, and for the further sum of fifty cents per day for each head of cattle so impounded from the time of the commencement of the action until the trial of the same, and for an order that the impounded animals be sold to satisfy the judgment asked for.

The complaint alleges the corporate existence of the city of Red Lodge; that about July 1, 1903, the defendant did keep and permit the animals in controversy to run at large within the city of Red Lodge without his premises and without any person herding or in charge of the same, contrary to the form, force and effect of ordinance 28; that while defendant so permitted his cattle to run at large in violation of said ordinance, the poundkeeper gathered and caused to be gathered the said cattle and placed them in the city pound and still confines them therein. The complaint further sets forth the amount of fees and costs incurred in impounding and caring for the animals.

The defendant answered, admitting the corporate existence of the city of Red Lodge, the impounding of the cattle, and that defendant has not paid the city the amount claimed, or any amount whatever, and denying all the other allegations of the complaint.

Upon the trial the court found the issues for plaintiff and entered judgment against the defendant, from which he appealed to the district court. In the district court the cause was tried to the court sitting without a jury. The court found, first, that the defendant resides four miles from the corporate limits of Red Lodge; second, that the cattle in controversy were turned out in the spring of 1903 on the common range; fourth, that the cattle were found in the city of Red Lodge and a portion of them impounded by the city marshal, and a portion by Ralph Vaill, but this latter portion was taken possession of and retained by the city marshal; fifth, that the animals were not owned or kept within the limits of the city of Red Lodge, but strayed within the corporate limits of said city. As a conclusion of law the court found that the city marshal had no authority to impound the animals, and ordered judgment for the defendant for his costs, from which judgment and an order denying a motion for a new trial plaintiff appeals.

In this court the only question presented which requires any consideration is that involved in the construction of the provisions of sections 1 and 2 of ordinance 28, as set forth above. It is conceded by respondent that the city of Red Lodge might properly pass this ordinance, or an ordinance restraining animals running at large within the city; which would apply to the animals in question; and no contention is made here as to the procedure adopted by the city to carry out the provisions of this ordinance. The only contention of respondent is that this ordinance has no application to the animals in controversy.

The evidence is sufficient to support the findings of the court: that the owner of the animals lives some three or four miles from the city limits; that he turned these animals out on the common range, and that they strayed within the city limits, but were not owned or kept therein. The question for determination then is: Are the provisions of ordinance 28 sufficiently broad to apply to all such domestic animals as are mentioned in the ordinance, which may be found running at large within the city limits, whether owned or kept therein, or owned or kept without the city but which stray within the city limits?

Section 1 of the ordinances makes it the duty of every person owning or keeping certain domestic animals (naming them) within the limits of the town, to provide for keeping the same within or upon his own premises at all times, save when necessarily or temporarily passing through the streets, and then such animals must be attended by some one. This is not equivalent to saying that it shall be unlawful for any of the domestic animals named to run at large within the city limits. The duty of restraining such animals is only imposed upon persons who own or keep them within the city limits, and cannot be extended by implication to anyone else. The language is too plain to require any construction beyond that clearly disclosed by its own terms. It has no application to animals running at large on the common range which may stray within the city limits.

But it is contended that under the provisions of section 2 of this ordinance, the city may be justified in impounding these animals. That section provides that the poundkeeper shall provide a pound for impounding *any domestic animals* found running at large within the city limits. But if this section is to be construed literally and without reference to section 1 of the ordinance, then dogs and cats, being domestic animals, fall within the provisions of the ordinance, and the poundkeeper is required to restrain them. But this ordinance must be construed as a whole, every portion of it given meaning if possible, and neither the whole nor any portion rendered ridiculous, unless that result is unavoidable.

There is no conflict whatever between the provisions of sections 1 and 2, and neither is broader in its terms than the other. Section 1 enumerates the particular domestic animals which are prohibited from running at large. Section 2 creates the office of poundkeeper and defines his duties; and when the question is presented to him whether a particular domestic animal is permitted to run at large, he must determine the question by a reference to section 1, which defines the nuisance to be avoided. That the contention now made was not entertained by the city

attorney when the action was commenced is apparent from the complaint, which was clearly drawn with reference to the provisions of section 1 of the ordinance.

However, this becomes immaterial under our view of the case. As the court found that these cattle were not owned or kept within the city limits, and these findings are justified by the evidence, and this ordinance by its terms does not apply to cattle owned or kept without the city and which may stray within the city limits, the court's conclusion was correct and the judgment and order are affirmed.

The other questions presented do not require any consideration.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.